IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RHONDA JENNINGS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:12cv715-WHA |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

On August 16, 2012, federal inmate Rhonda Jennings ("Jennings") filed this *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Doc. No. 1. Jennings challenges her 2005 guilty-plea convictions and sentence for conspiracy to possess with intent to distribute 50 grams or more of methamphetamine and 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), and possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c). The government maintains that Jennings's § 2255 motion is time-barred because it was filed after expiration of the one-year limitation period. Doc. No. 3. The court concludes the government is correct and that the § 2255 motion should be denied because it was not filed within the time allowed by federal law.

**II. DISCUSSION**

**A.      One-year Limitation Period**

The timeliness of Jennings's § 2255 motion is governed by 28 U.S.C. § 2255(f). That section provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

On August 19, 2005, Jennings pled guilty under a plea agreement to conspiracy to possess with intent to distribute 50 grams or more of methamphetamine and 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), and possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c). On November 29, 2005, she was sentenced to 181 months in prison (121 months for the conspiracy count followed by a consecutive term of 60 months for the § 924(c) count). Judgment was entered by the district

court on December 1, 2005. Jennings took no appeal. Therefore, her conviction was "final" on December 12, 2005, the first business day after December 11, 2005.[1] Under 28 U.S.C. § 2255(f)(1), Jennings had until December 12, 2006, to file a timely § 2255 motion. Her § 2255 motion filed on August 16, 2012, is untimely under § 2255(f)(1).

Jennings maintains that her § 2255 motion is timely – presumably under 28 U.S.C. § 2255(f)(3) – because it was filed within one year after the Fourth Circuit Court of Appeals' decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). *See* Doc. No. 1 at 4, 5, 10-13. In *Simmons*, the Fourth Circuit applied *Carachuri–Rosendo v. Holder*, 560 U.S 563 (2010), to find that a federal defendant's prior North Carolina conviction for non-aggravated, first-time marijuana possession was for an offense not "punishable by imprisonment for a term exceeding one year," and thus did not qualify as a predicate felony conviction for purposes of the Controlled Substances Act. *Simmons*, 649 F.3d at 248-49. *Carachuri*, which was decided by the Supreme Court in June 2010, dealt with under what circumstances a prior conviction for simple possession of a controlled substance can constitute an "aggravated felony" under 8 U.S.C. § 1229b(a)(3). The Supreme Court held that the statutory enhancements for recidivism regarding simple possession under 18 U.S.C. § 844 do not

---

[1] *See* Fed.R.App.P. 4(b)(1). When judgment was entered in Jennings's case, Rule 4(b)(1) provided that a defendant's notice of appeal in a criminal case must be filed in the district court within 10 days after entry of the district court's judgment. *See, e.g., Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000) (for a defendant who does not file a direct appeal, the conviction becomes final 10 days after the district court's judgment is entered); *Sanchez-Castellano v. United States*, 358 F.3d 424, 427-28 (6th Cir. 2004) (a federal criminal judgment that is not appealed becomes final for the purpose of § 2255 ten days after it is entered, when the time for filing a direct appeal expires). Effective December 1, 2009, Rule 4(b)(1) provides that a defendant's notice of appeal must be filed within 14 days after entry of the district court's judgment.

render a prior conviction a conviction for an aggravated felony, where recidivism is demonstrated by the record but not actually alleged or raised, 560 U.S. at 577-82, and that a federal court "cannot, *ex post*, enhance the state offense of record just because facts known to it would have authorized a greater penalty under either state or federal law," *id*. at 576-77.

In seeking to "extend" the limitation period for filing her § 2255 motion, Jennings appears to claim her sentence is unlawful under the holdings of *Carachuri* and *Simmons*, an allegation predicated on her apparent belief that one of the crimes of which she was convicted in this court in 2005 was possession of a firearm as a convicted felon[2] and that, under *Carachuri* and *Simmons*, the prior predicate conviction for the felon-in-possession charge was not a felony. *See* Doc. No. 1 at 4, 5, 10-13. However, Jennings was *not* convicted in this court in 2005 for possession of a firearm as a convicted felon. Rather, the firearm offense to which she pled guilty in 2005 was possession of a firearm in furtherance of a drug-trafficking crime, a violation of 18 U.S.C. § 924(c). A prior predicate felony is not an element of that offense. *Carachui* and *Simmons* are inapplicable to Jennings's 2005 convictions in this court.[3]

Jennings maintains that she is actually innocent of the crime of possession of a firearm in furtherance of a drug-trafficking crime to which she pled guilty in 2005, and that her

---

[2] *See* 18 U.S.C. § 922(g)(1).

[3] Jennings's reliance on *Carachuri* and *Simmons* to extend the limitation period through § 2255(f)(3) also fails because *Carachuri* was decided more than a year before she filed her § 2255 motion and does not apply retroactively, *see Stewart v. Warden, FCC Coleman–Low*, 2012 WL 45421, *1 (M.D. Fla. Jan. 9, 2012), and *Simmons* is not a Supreme Court decision.

actual innocence excuses the untimeliness of her § 2255 motion. Doc. No. 5 at 2-5. Actual innocence may provide a "gateway" to review of an otherwise time-barred § 2255 claim. *See House v. Bell*, 547 U.S. 518, 536-37 (2006). Jennings argues that under *Bailey v. United States*, 516 U.S. 137 (1995), her conduct did not establish criminal liability under 18 U.S.C. § 924(c), because she did not "actively employ" a firearm during the alleged drug-trafficking crime. Doc. No. 5 at 3-5. In *Bailey*, the Supreme Court held that a conviction under the "use" prong of § 18 U.S.C. 924(c) requires the government to demonstrate "active employment" of the firearm, not its mere possession, during and in relation to the drug-trafficking crime. 516 U.S. at 143-44. However, the pre-1998 version of § 924(c) made it an offense only to use or carry a firearm during and in relation to the drug-trafficking crime. The *Bailey* decision's narrow interpretation of "use" under § 924(c) prompted Congress to amend the statute in 1998 to add language directed to *possessing* a firearm "in furtherance of" the predicate crime. *See United States v. Timmons*, 283 F.3d 1246, 1252 (11th Cir. 2002). Jennings's offense and indictment occurred after the 1998 revision of the statute.[4]

By pleading guilty to the § 924(c) charge, Jennings acknowledged facts sufficient to show she knowingly possessed a firearm in furtherance of a drug-trafficking crime. *See* Case No. 2:05cr1-4-WHA, Doc. Nos. 1 and 85. The facts underlying Jennings's guilty plea

---

[4] After the post-*Bailey* Congressional amendment, there are two ways to violate § 924(c): the statute makes it an offense to either (1) use or carry a firearm during and in relation to a drug-trafficking crime or (2) possess a firearm in furtherance of a drug-trafficking crime. *See, Timmons*, 283 F.3d at 1250-53; *United States v. Daniel*, 173 Fed. App'x 766, 770 (11th Cir. 2006) ("Thus, there are two separate ways to violate the statute: to use or carry a firearm during and in relation to a drug trafficking crime or to possess a firearm in furtherance of a drug trafficking crime.").

showed that a search of the residence she shared with her boyfriend uncovered four ounces of methamphetamine, several handguns, approximately $9,300 in cash, and "the usual indicia of drug trafficking." *Id.*, Doc. No. 119 at 5-6. Jennings told investigating officers she obtained some of the firearms as "payment" for narcotics she dealt. *Id.*, Doc. No. 85 at 3-4; Doc. No. 119 at 5-6. Jennings pled guilty to both the § 924(c) count and to conspiracy to distribute methamphetamine. Despite her guilty plea, Jennings now maintains that she was innocent of the § 924(c) charge because the firearms seized during the search of her residence were found on top of a kitchen cabinet. Doc. No. 5 at 4.

To establish that a firearm was possessed "in furtherance" of a drug trafficking crime, the government must show "'some nexus between the firearm and the drug selling operation.'" *Timmons*, 283 F.3d at 1253 (quoting *United States v. Finley*, 245 F.3d 199, 203 (2d Cir. 2001)). "The nexus between the gun and the drug operation can be established by '... accessibility of the firearm,... proximity to the drugs or drug profits, and the time and circumstances under which the gun is found.'" *Id.* (quoting *United States v. Ceballos-Torres*, 218 F.3d 409, 414-15 (5th Cir. 2000)).

Here, the proximity of the firearms to Jennings's ongoing drug-trafficking activities established a nexus sufficient to prove a violation of § 924(c) for knowingly possessing a firearm in furtherance of a drug-trafficking crime. The holding in *Bailey* upon which Jennings seeks to rely might affect her conviction only if she were convicted under the pre-amendment version of § 924(c) providing criminal liability only where the defendant has "used or carried" the firearm during and in relation to the drug-trafficking crime. However,

6

her offense and indictment took place well after the 1998 amendment. There was a sufficient basis to establish that Jennings's conduct subjected her to criminal liability under § 924(c). Her argument relying on *Bailey* does not establish her actual innocence, and her assertion of actual innocence provides no gateway for review of her time-barred claims.

In sum, Jennings's § 2255 motion is untimely under § 2255(f)(1).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion be denied as it was not filed within the controlling federal limitation period and that this case be dismissed with prejudice. It is further

ORDERED that the parties shall file any objections to this Recommendation on or before September 9, 2014. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE, this 26th day of August, 2014.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE